THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JIMMY VILLALOBOS SANTANA, et al.,**<br><br>    **Plaintiffs,**<br><br>    v.<br><br>**PUERTO RICO POLICE BUREAU, et al.,**<br><br>    **Defendant.** | Civ. No. 21-1312 (ADC) |

## OPINION AND ORDER

Pending before the Court are defendant's "partial objections" at **ECF No. 56** to the Report and Recommendation ("R&R") issued by the US Magistrate Judge Marcos E. López ("Magistrate Judge"). **ECF No. 51**.

I.  **Procedural background**

Plaintiffs Jimmy Villalobos -Santana ("Villalobos-Santana") and Jimmy Colón-Rodríguez ("Colón-Rodríguez") (collectively, "plaintiffs") are former Sergeants of the Puerto Rico Police Bureau ("PRPB") assigned to the Arecibo Highway division. They filed the instant civil action claiming they suffered retaliation in violation of Title VII, 42 U.S.C. § 2000e-3(a), after filing complaints of age discrimination and hostile treatment related to otherwise protected conduct. *See* Amended Complaint, **ECF No. 7** at 6–7.

On January 29, 2023, plaintiffs filed a motion requesting an adverse inference instruction due to spoliation of evidence. **ECF No. 27**. Plaintiffs argued that defendants lost part of the "in-and-out" book which contained information of Arecibo Highway's officers' comings and goings, among other relevant information. *Id.*, at 1-3. The lost pages of the book contained "entries from October 30, 2018 to February 17, 2019" (herein after, the "book"). **ECF No. 27** at 19, 23. Specifically, they argued that the contents of the book "corroborates much of [p]laintiffs['] testimony as to their causes of action." *Id.*, at 3.

Defendants did not separately respond to plaintiffs' spoliation motion but instead addressed those issues in a motion for summary judgment. *See* **ECF Nos. 31, 47** at 28-31. In essence, defendants contend via motion for summary judgment that the request for a finding of spoliation is unwarranted since plaintiffs failed to show the relevancy of the book's contents, or show that defendant destroyed the book or acted in bad faith when the book was lost. **ECF No. 47** at 28-31. Alternatively, defendants posit that plaintiffs have alternate means to support their claims without the book. *Id.* The Court referred the spoliation issue to the Magistrate Judge for the issuance of a R&R.

The Magistrate Judge issued its R&R and recommended that plaintiffs' motion be granted in part and denied in part. **ECF No. 51**. After discussing the applicable law and evaluating the factual underpinnings and the parties' filings, the R&R recommends the Court find that co-plaintiff Villalobos-Santana "suffered no prejudice by the loss of the book, and no adverse instruction is thus warranted regarding his claims." *Id.*, at 9. On the other hand, it recommends

that a "permissive jury instruction for Plaintiff Colón Rodríguez is [] proportional to the prejudice he suffered through the PRPB's negligent loss of the in-and-out book." *Id.*, at 12.

Defendant filed a "partial objection" challenging the R&R's recommendation of a permissive adverse inference instruction regarding co-plaintiff Colón-Rodríguez. **ECF No. 56**. Plaintiffs responded. **ECF No. 62**. Defendants did not move for leave to reply to plaintiffs' response.

**II.     Legal Standard**

United States Magistrate Judges are granted authority to make recommendations on pretrial matters dispositive of a claim or defense, while the ultimate resolution of dispositive motions remains at the discretion of the presiding judge. *See*, 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(a), (b)(1); *accord* L. Civ. R. 72(a)(7) to (9). Any party adversely affected by the recommendation issued may file written objections within fourteen (14) days of being served with the report and recommendation. Fed. R. Civ. P. 72(b). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Sylva v. Culebra Dive Shop*, 389 F. Supp. 2d 189, 191–92 (D.P.R. 2005) (citing *United States v. Raddatz,* 447 U.S. 667, 673 (1980)). "The district court need not consider frivolous, conclusive, or general objections." *Rivera–García v. United States*, Civ. No. 06–1004 (PG), 2008 WL 3287236, *1 (D.P.R. Aug. 7, 2008) (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419 (5th Cir. 1987)).

Moreover, to the extent the objections amount to no more than general or conclusory objections to the report and recommendation, without specifying to which issues in the report the party is objecting, or where the objections are repetitive of the arguments already made to the magistrate-judge, a *de novo* review is unwarranted. *Id.* (emphasis supplied). "Instead, the report and recommendation is reviewed by the district judge for clear error." *Id.* (citing *Camardo v. Gen. Motors Hourly–Rate Employees Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("It is improper for an objecting party to ... submit[ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.")).

In conducting its review, the Court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate-judge." 28 U.S.C. § 636(b)(1); *see also*, *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985); *Alamo Rodríguez v. Pfizer Pharma., Inc.*, 286 F. Supp. 2d 144, 146 (D.P.R. 2003). Hence, the court may accept those parts of the report and recommendation to which the party does not object. *See*, *Hernández–Mejías v. General Elec.*, 428 F. Supp. 2d 4, 6 (D.P.R. 2005) (citing *Lacedra v. Donald W. Wyatt Detention Facility*, 334 F. Supp. 2d 114, 125–26 (D.R.I. 2004)). The Court, however, "is not required to make separate findings of fact or issue an opinion setting forth its own reasoning." *U.S. v. Bach*, 388 F. App'x 2 (1st Cir. 2010) (citing *Jonco, LLC v. ALI, Inc.*, 157 F.3d 33, 35 (1st Cir. 1998).

**III.     Discussion**

The R&R recommends that plaintiffs' motion for an adverse inference instruction due to spoliation at **ECF No. 27** be "denied with respect to [Villalobos-Santana]'s request, but a permissive adverse jury instruction should be granted as to [Colón-Rodríguez]." **ECF No. 51** at 12. Only defendants filed a timely objection. Therefore, pursuant to Fed. R. Civ. P. 72(b)(3), after a careful review of the totality of the record, the Court hereby **ADOPTS** all the portions of the R&R that were not objected to by defendants. Accordingly, co-plaintiff Villalobos-Santana's request for a permissive instruction of adverse inference is **DENIED**. The Court now moves to review *de novo* the portions of the R&R properly objected to by defendants.

An adverse inference instruction due to spoliation may, "but need not[,]" lead the trier of fact to "infer… that the contents of the document were unfavorable." *Testa v. Wal-Mart Stores, Inc.*, 144 F.3d 173, 177 (1st Cir. 1998). The First Circuit has required a "suitable foundation… before such an inference can materialize" in the form of a "proffer [of] evidence sufficient to permit the trier to find that the target knew of (a) the claim (that is[…] the potential for litigation), and (b) the document's potential relevance to that claim." *Id*. (*citing Blinzler v. Marriott Int'l, Inc.*, 81 F.3d 1148, 1158 (1st Cir. 1996)). Upon a finding of spoliation, "a district court has broad discretion in choosing an appropriate sanction." *Sharp v. Hylas Yachts, LLC*, 872 F.3d 31, 42 (1st Cir. 2017) (citations and internal quotation marks omitted).

The Magistrate Judge evaluated whether: (1) the "book was intentionally, maliciously, or negligently lost or destroyed[,]" **ECF No. 51** at 4-5, (2) if the book "was relevant to plaintiffs'

claims and if plaintiffs would suffer prejudice[,]" *id*., at 6-7, (3) if defendant "was aware of potential litigation[,]" *id*., (4) if the book contained "Information Relevant to Plaintiffs' Claims[.]" *Id*., at 7-8. As relevant here, the Magistrate Judge determined that the answer to these questions favored only co-plaintiff Colón-Rodríguez.[1]

Defendants believe the Magistrate Judge assumed too much about the contents of the book. Specifically, according to their objections, the Magistrate Judge erred in assuming that the book included information regarding "shifts, assigned patrol sectors, directives from superior officers, court summonses, administrative investigation subpoenas, training releases, personal leave, and sick day authorizations." **ECF No. 56** at 4. Instead, defendants argue, the book only includes information pertaining to

> shift timings, the responsible officer's identity and badge number, licenses or leave requests, and the supervisors' authorizations. Occasionally, officers might include a concise description of the taken leave. While the in-and-out book may indicate the time an officer begins patrolling, it doesn't log a specific instruction from supervisors to patrol a sector. The directives provided by superiors to police officers aren't documented in the in-and-out book.

**ECF No. 56** at 4. In support of this contention, defendants submitted an exhibit containing other pages of the in-and-out book. Specifically, defendant submitted copies of some pages of the "in-and-out book" of February 18-20, 2019.[2]

---

[1] Plaintiffs did not object the R&R's recommendation that the Court grant no relief for spoliation in favor of co-plaintiff Villalobos-Santana.
[2] As discussed before, the lost pages encompassed the entries from October 30, 2018, to February 17, 2019. **ECF No. 27**.

Plaintiffs counter that the Court cannot consider the documents submitted by defendants because the document is not authenticated and argue that it constitutes inadmissible hearsay because "no affidavit or declaration under penalty of perjury has been provided to ascertain that it is a business or government record as an exception to the hearsay rule." **ECF No. 62** at 1. As an independent ground, plaintiffs indicate that this document "was not provided at any time as part of the disclosures or discovery." *Id*., at 2.

The Court agrees. The Court has no way of knowing any details about the pages now proffered by defendants absent at least an affidavit explaining the origins of those pages as well as other details essential to authentication. In this regard, the Court notes that the Magistrate Judge did not simply make an assumption as to the content of the book. Instead, he relied on plaintiff's affirmations and representations, which were supported by statements under penalty of perjury. *See* **ECF Nos. 27-5, 27-6**. Moreover, defendants did not contest plaintiffs' claims that the document was not produced during discovery. *See, generally*, Fed. R. Civ. P. 37. Indeed, defendants did not reply to plaintiffs' challenges of this "new" evidence.

Aside from the allegation that the supporting document was not disclosed during discovery and the attacks on its admissibility and authenticity, the fact remains that defendants did not raise this argument before the Magistrate Judge as they do now. Defendants did raise a similar argument in their motion for summary judgment, which the Magistrate Judge addressed in its R&R. **ECF No. 41** at 29. But this argument was neither supported by any evidence or affidavit (which is quite revealing, considering the fact that it was raised in a summary judgment

motion) nor was it framed as it now is. To wit, defendants' discussion of the contents of the book was limited to showing that "changes in work schedule are not an adverse employment action." *Id*. Moreover, although now they suggest that the entries in the book only reflected "shift timings, the responsible officer's identity and badge number, licenses or leave requests, and the supervisors' authorizations," in their motion for summary judgment they indicated the book could include "work shifts, sick leave authorizations, and other administrative matters." **ECF No. 41** at 29.

Furthermore, the Court could not find a reference to the pages of the book that defendants now submit via objections in their earlier filings, specifically the ones evaluated by the Magistrate Judge. *See* **ECF No. 41**. Thus, defendants failed to properly raise or support such a contention before the Magistrate Judge. As such, defendants also deprived plaintiffs from opportunity to comment or challenge such contentions before the Magistrate Judge entered its R&R.

"[N]ew arguments, or new known evidence, are to be excluded as reconsideration arguments originally available to movant at the time of the submission to the Magistrate Judge." *Entact Services, LLC v. Rimco, Inc.*, 526 F.Supp.2d 213, 223 (D.P.R. 2007). An objecting party is entitled to "*de novo* review by the district court of the recommendations[…] whereas it is not entitled to a *de novo* review of an argument never raised."*Cherox Inc. v. Tip Top Construction Corp.*, 175 F.Supp.3d 1, 3 (D.P.R. 2016)(*quoting Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987)). "[N]ew arguments raised in [objectors'] objection brief are too little and too late."

*Id*.

Because defendants' objections to the R&R depend[3] on this new document, defendants' objections to the R&R are **overruled**. Thus, the R&R's recommendations are **ADOPTED** in their totality. To be clear, the instruction recommended by the Magistrate Judge is a permissive one. Therefore, as discussed before, it may, "but need not[,]" lead the trier of fact to "infer… that the contents of the document were unfavorable." *Testa v. Wal-Mart Stores*, Inc., 144 F.3d 173, 177 (1st Cir. 1998).

## IV. Conclusion

The Court hereby **OVERRULES** defendants' objections to the R&R and **ADOPTS** the R&R **ECF No. 51** in its totality.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 11th day of September, 2023.

                                              **S/AIDA M. DELGADO-COLÓN**
                                              **United States District Judge**

---

[3] "[T]he magistrate judge incorrectly assumed that the in and out book records or documents more information that it actually does[,]" "defendants object this determination and highlight a fundamental misunderstanding in the assessment of the in-and-out book's content and its implications on the case's outcome." **ECF No. 56** at 3-5.